[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both parties appeared and were represented by counsel and proceeded on plaintiff's complaint dated July 18, 1995.
Having heard the evidence, the court finds as follows:
The plaintiff and defendant, whose maiden name was Love, intermarried at New London, Connecticut, on November 1, 1994; CT Page 8653 that the plaintiff resided in the State of Connecticut for a period of twelve months next preceding the date of the filing of this complaint; that there are no minor children issue of the marriage; that the marriage has broken down irretrievably and that there is no hope of reconciliation.
The parties remained together until July 1, 1995, when the defendant left the plaintiff. Defendant claims the breakdown of the marriage was caused by the defendant's excessive drinking, and that although he was unable to complete sexual acts with the defendant, she believed that he was frequenting prostitutes.
Defendant claims he stopped drinking prior to his marriage to the plaintiff, that defendant never told him why she was leaving, that she physically abused him twice and that although he attempted to reunite with defendant, she was not interested.
Defendant admits striking plaintiff once while they were in the automobile as he did not want to go shopping.
During the marriage, the plaintiff, who was employed at General Dynamics, had a net weekly income of $398. The defendant, who was employed at Manning Convalescent Home as an LPN, had a net weekly income of $283.65. She also received a Navy retirement check of $95.36, for a total net weekly income of $379.01.
The plaintiff claims that the parties deposited their income, after the payment of their living expenses and an allowance to each, in three different bank accounts; that when defendant left, she took all the money from said accounts except for $120.70, which he received after she left.
Defendant denies there were three accounts. She claims that there was a Norwich Savings checking account (Plaintiff's Exhibit F) and a Norwich Savings account (Plaintiff's Exhibit G), which she started with part of a $26,000 settlement she received from the City of Norwich because of injuries she sustained when struck by a police cruiser in 1991. The defendant claims that she used all the checking account funds to pay for family expenses, the mortgage on plaintiff's home and the monthly installments due on the automobile she purchased in 1993.
The court finds that the plaintiff failed to prove his claims about the three bank accounts and his accusations that the defendant took money belonging to the parties when she left him. CT Page 8654
Based on all of the above, it is clear that the marriage has broken down irretrievably without any hope for reconciliation and that the plaintiff contributed more to the breakdown of the marriage than did the defendant.
Both parties appear to be in good health and able to continue their employment.
There appear to be limited marital assets. The plaintiff owned the home the parties resided in prior to his marriage to the defendant. The defendant sustained personal injuries in an accident in 1991 and purchased her automobile in 1993.
After considering all of the factors in Connecticut General Statutes §§ 46b-81 and 46b-82, judgment is entered dissolving the marriage of the parties on the ground of irretrievable breakdown. It is further ordered:
(1) No alimony is awarded to either party.
(2) The defendant shall keep her 1993 Mercury Topaz; her Federal Credit Union Savings and Norwich Savings Society accounts free of any claim by the plaintiff.
(3) The plaintiff shall keep his real property located at 164 Vauxhall Street, New London, Connecticut, his life insurance policies, his SSIP 8000 account and his Electric Boat pension free of any claim by the defendant.
(4) The plaintiff shall immediately give to the defendant her paintings, her drawer desk, the couch and love seat, and the blanket she obtained in Spain. The defendant shall keep the washer and dryer.
(5) Each shall pay for their own attorney's fees.
(6) The plaintiff shall immediately execute and prepare all documents necessary to release defendant's bank accounts to her.
(7) Each party shall pay the debts listed on their respective affidavits.
Paul M. Vasington Judge Trial Referee CT Page 8655